IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES JENKINS-QUEEN,    )
    )
    Plaintiff,    )
    )
v.    )    NO. 3:18-cv-01294
    )    JUDGE RICHARDSON
MEDICAL NECESSITIES AND    )
SERVICES, LLC,    )
    )
    Defendant.    )

## ORDER

Pending before the Court is a Joint Motion to Approve Settlement Agreement (Doc. No. 55, "Motion"), along with a copy of the proposed Settlement Agreement (Doc. No. 55-1). The Court has reviewed the Motion and the proposed Settlement Agreement and finds that the Motion should be **GRANTED.**

Plaintiff brought this action, individually and on behalf of other similarly situated employees of Defendant, pursuant to the Fair Labor Standards Act ("FLSA"), alleging violations of the FLSA overtime provisions. (Doc. No. 1). Upon stipulation of the parties, the Court conditionally certified a class of all current and former hourly-paid delivery technicians of Defendant who worked on-call hours between July 2017 and August 2018. (Doc. No. 46). After notice was given to the potential class, three putative class members submitted consents to join this action. According to the Motion, the parties engaged in discovery and investigation, and then in arms-length negotiations, resulting in resolution of this dispute.

As the parties correctly note, it is not entirely clear that court approval is required for a settlement in a private FLSA action. Nevertheless, the Court finds it appropriate, even if not

necessarily required, for the Court to consider granting approval to the settlement in this case. The Court has reviewed the terms of the proposed Settlement Agreement and finds them to be fair and reasonable as required for court approval, considering the relevant factors laid out in the Motion (Doc. No. 55 at 5). As represented by the parties, the FLSA dispute was bona fide, the settlement terms were negotiated in good faith, and the case was highly contested, with both sides facing risks if the matter were fully litigated. Regarding attorney's fees, the Motion represents that Plaintiffs' counsel did a considerable amount of work on this case and that Defendant does not oppose Plaintiff's request for $14,000 in attorney's fees. Moreover, named Plaintiff has signed the Settlement Agreement on behalf of himself and all opt-in plaintiffs and has represented that his entry into the Settlement Agreement was knowing, informed, and voluntary. (Doc. No. 55-1 at 6-8).

Accordingly, the Court approves the proposed Settlement Agreement (Doc. No. 55-1), including the payments to Plaintiffs, as set forth in Exhibit A to the Settlement Agreement (totaling $9,686.06); the payment of costs ($5,813.94); and the payment of attorneys' fees ($14,000).

As requested by the parties, this action is **DISMISSED**, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE